UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OTIS MCALLISTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:08CV1414 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. For the reasons set forth below, the motion is denied, without a hearing.

## Facts and Background

Movant was indicted on a two count indictment by a grand jury on February 10, 2005. On March 10, 2005, the same grand jury returned a twenty four count superseding indictment against Movant, among other defendants. Movant was indicted in one count for conspiracy to commit bank robberies. He was indicted in multiple counts on the charge of bank robbery. He was also charged for possession of firearms used in the bank robberies.

Trial on these charges began on January 30, 2006.[1] The trial proceeded with the Government's case in chief from January 30, 2006 through February 7, 2006. Although the Government had not rested its case, following the testimony of witness Marla Ferguson on the seventh day of trial, the parties negotiated a plea agreement.[2] As a result of the negotiation, Movant entered a plea of guilty to some of the charges. Specifically, Movant entered a plea of guilty to Count One of the superseding indictment, conspiracy to commit bank robberies; Count Eighteen, possession of a firearm in violation of 18 U.S.C. § 924(c); and Count Twenty-Two, possession of a firearm in violation of Title 18 U.S.C. § 924(c).

Movant was sentenced on June 15, 2006. The Court sentenced Movant to a term of 60 months imprisonment on Count One. A consecutive sentence of 84 months imprisonment was imposed on Count Eighteen, and a term of 300 months imprisonment was imposed on Count Twenty-Two, to be run consecutive to Counts One and Eighteen. The total sentence was therefore 444 months imprisonment. The Court also ordered restitution in the amount of $1,414,277.35 to be paid to the victim financial institutions. Had Movant been convicted by the jury on all twenty

---

[1] Prior to that time, each of the remaining co-defendants in the matter entered guilty pleas to the charges against them.

[2] As discussed *infra*, the issue of which party raised the possibility of a plea agreement is a part of Movant's Motion.

four counts, the mandatory minimum sentence would have been 282 years imprisonment.

Movant appealed his judgment and sentence on June 21, 2006. On March 1, 2007, the Eighth Circuit Court of Appeals granted Respondent's Motion to Dismiss the appeal, based on Movant's appeal waiver in the parties' plea agreement. A petition for writ of certiorari with the United States Supreme Court was denied on October 19, 2007.

**Standards for Relief Under 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

Claims brought under § 2255 may also be limited by procedural default. A

Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence." *Id*; *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley* 523 U.S. at 622).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." See *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *Frady*, 456 U.S. at 170, and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury

would have acquitted him of the charged offense).

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 2009 WL 764167 *7 (8th Cir. March 25, 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> In order to prevail on an ineffective assistance of counsel claim, [movant] must show that (1) [his] "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995) (citation omitted). Under the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v.*

> *Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674
> (1984)). Assuming that counsel's performance has been deficient, the
> second element of prejudice requires a "reasonable probability that, but
> for a counsel's unprofessional errors, the result of the proceeding
> would have been different." *Garrett*, 78 F.3d at 1301 (citations omitted).

*Toledo v. U.S.* 2009 WL 2901923, 1 (8th Cir. 2009).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,*296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

Movant raises eight claims in his Motion. Movant's first claim is based on an alleged jurisdictional defect. The remainder of his claims argue ineffective assistance of counsel.

**Ground One**: Movant claims that Counts Seventeen and Twenty-One contain a fatal jurisdictional defect. He further argues, therefore that because these

Counts are defective, his plea to Count Eighteen,[3] which is based on Counts Seventeen and Twenty-One, must be vacated. According to Movant's argument, because Counts Seventeen and Twenty-One charged that the "deposits were insured by the National Credit Union *Association*" rather than the specific language contained in 18 U.S.C. § 2113(g), the Counts contain a fatal jurisdictional defect. Section 2113(g) provides:

> As used in this section the term "Credit Union" means any federal Credit Union and any State charged Credit Union the accounts of which are insured by the National Credit Union Administration Board."

Petitioner did not raise this issue on appeal, however, the Court need not determine whether cause and prejudice excuse this procedural default because Respondent does not assert default of this claim. See *United States v. Mooring*, 287 F.3d 725, 727 (8th Cir. 2002).

With respect to the substance of Petitioner's claim, Petitioner's claim fails for a number of reasons. Petitioner waived all post conviction issues, with the exception of prosecutorial misconduct and ineffective assistance of counsel in his negotiated Plea Agreement. This claim does not fall within the confines of these two limited exceptions.

---

[3] Movant does not seek to vacate Count Twenty-Two because under his theory, which is discussed *infra*, the Government properly cited that the credit union was insured by the "National Credit Union Administration Board" on the record with respect to Count Twenty-Two.

Petitioner argues, however, that because this issue is jurisdictional, it can be raised at any time, citing *Mooring*. The Court, however, is unpersuaded that the convictions are premised on defective jurisdiction. Petitioner claims that an essential element of the charge are the words "Administration Board" and not "Association." Petitioner, however, is attempting to place form over substance in order to obtain relief. The essential element of the charge is not solely the words used, *i.e.* Administration Board vs. Association in describing the insuring entity, rather, the essential element of the charge is that the robbery is of a credit union that is federally insured. The mere mistake of using "Association" in lieu of "Administration Board" cannot render the entire proceeding jurisdictionally defective. Clearly, the charge is robbery of a federally insured credit union. The superceding indictment apprised Petitioner of the charge against him, even with the incorrect word setting out the insuring entity.

Moreover, the record contains, by stipulation of the parties, the NCUA certificates of insurance for the deposits at Vantage Credit Union and South Community Credit Union. The record unequivocally establishes the basis upon which Counts Seventeen and Twenty-One are based.

Movant was sufficiently apprised "of the charges he would be required to defend against," allowing him "to effectively prepare for trial." *United States v.*

*Klaphake*, 64 F.3d 435, 438 (8th Cir.1995). Thus, the indictment was not "so defective that by no reasonable construction can it be said to [have charged] the offense for which the defendant was convicted." *United States v. Pemberton*, 121 F.3d 1157, 1169 (8th Cir. 1997); *United States v. Davis*, 103 F.3d 660, 675 (8th Cir.1996), cert. denied, 520 U.S. 1258 (1997) (indictment incorrectly alleging that bank's deposits insured by NCUA instead of FDIC not subject to dismissal for jurisdictional defect because indictment informed defendant of the nature of the offense alleged, the statutory violations involved, and that a federal agency insured the funds of the bank). *United States v. Diaz-Diaz*, 135 F.3d 572, 576 -577 (8th Cir. 1998).

Movant has not drawn the Court's attention to any case holding that an allegation in an indictment that a credit union insured by the National Credit Union "Association" is such a departure from the statute as to render an indictment subject to a motion to dismiss for failing to charge a crime. An indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, secondly, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Although it is quite true that the statute states the National Credit Union "Administration Board" and not National Credit Union "Association," the Court declines to hold that

referring to the insurance entity as "Association" instead of "Administration" is fatal.

In *United States v. Janoe*, 720 F.2d 1156 (10th Cir.1983), cert. denied, 465 U.S. 1036 (1984), the indictment alleged that the insuring agency was the Federal Deposit Insurance Company (FDIC), when it should have been described as the Federal Savings and Loan Insurance Corporation (FSLIC). There the Court held that notwithstanding the erroneous reference to FDIC, the indictment specifically informed the defendant of the nature of the alleged offense and the statutory violation charged, and that the erroneous reference did not subject the defendant to the possibility of double jeopardy. Therefore, the indictment in the present case was sufficient. Accord *Lewis v. United States*, 1996 WL 117254 at 3 (7th Cir.1996). Movant's ground one is denied.

**Ground Two**: Movant claims counsel was ineffective because of alleged misinformation. Movant claims that counsel stated that "you don't have an appeal, the judge hasn't done anything wrong." Based on this alleged statement, Movant argues that counsel misled him into believing that the basis of an appellate inquiry was specific to the trial judge's actions only. But for this "misinformation," Movant claims he would have continued his trial and would not have pled guilty after seven days of trial. Movant fails to satisfy the *Strickland* test. The record of Movant's

plea clearly delineates that he approached counsel with respect to negotiating a plea; the Court thoroughly questioned Movant with respect to his position on entering a plea; Movant stated, under oath that he wanted to stop the trial, that counsel had sufficiently advised him of his options and that it was his decision to secure the plea arrangement. Movant's belated attempt to argue ignorance of his appellate options is not credible. Movant has failed to establish counsel's representation in this regard was inadequate. Movant's ground two is denied.

**Ground Three**: Movant claims ineffective assistance of counsel due to a conflict of interest. Movant claims that co counsel convinced trial counsel to forego Movant's right to a trial in order to promote the reputation of counsel's law firm. Once again, the record clearly establishes that it was Movant himself that approached counsel regarding the plea. Movant clearly indicated on the record that he was entering into the plea of his own free will and that it was what he wanted to do. He was not coerced; he fully understood the ramifications of pleading guilty; and he believed it was in his best interests to enter a plea. Movant's claims now that he was merely "going along with the Court" as per counsel's instructions are incredulous.

**Ground Four:** Movant claims counsel was ineffective due to an impermissible amendment of the indictment. Initially, it should be noted that

counsel attempted to raise the alleged amendment of the indictment on appeal. The merits of the appeal were not addressed, however, due to Movant's waiver of appeal rights pursuant to the Plea Agreement.

With respect to the merits of this claim, the Court concludes it is non-meritorious. Movant takes issue with the Plea Agreement language regarding the use of a firearm. The Plea Agreement states that Movant "knowingly used, carried and brandished a firearm *in furtherance of* " the bank robbery, whereas, the Indictment charges that Movant "knowingly used carried, and brandished a firearm during and in relation to a crime of violence." Once again, Movant is attempting to place form over substance in order to avoid the consequences of his plea. Moreover, as Respondent correctly points out, Movant pled guilty to the Indictment, not to the Plea Agreement. The record clearly establishes that the Movant's pleas were to the charges in the Indictment. Movant's claims of ineffective assistance of counsel in this regard are completely unavailing.

**Ground Five** Movant claims counsel was ineffective on appeal in that he rebuffed Movant's request to present the claim on direct appeal that his plea was not knowing and intelligent and therefore invalid because neither defendant, counsel nor the Court correctly understood the essential elements of section 924c. In this regard, Movant argues that the essential elements of "using, carrying, brandishing

during and in relation to" were not set out in the Plea Agreement, rather, the Plea Agreement stated that the firearm was used "in furtherance of" the crime of violence.

As an initial observation, counsel did in fact argue the discrepancy between the Indictment and the Plea Agreement on appeal as an improper amendment of the Indictment. The appeal was dismissed pursuant to Movant's waiver of appellate rights in the Plea Agreement. The waiver is valid and was given in exchange for the dismissal of a substantial number of counts. The Eighth Circuit enforced the waiver in granting Respondent's Motion to Dismiss the appeal. Counsel was not ineffective in this regard.

Additionally, as discussed *supra*, the ground upon which Movant relies to assert ineffective assistance of appellate counsel is without merit. Movant pled guilty to the charge in the Indictment, not to the Plea Agreement. Movant admitted on the record that he was pleading guilty to the charges contained in the specific counts of the Indictment. The Court questioned Movant as to his understanding of the guilty plea, and asked Movant if he had in fact committed the offense. The record clearly establishes that Movant's plea was knowing and intelligent. Counsel was not, therefore ineffective for failing to raise this claim on appeal.

**Ground Six:** Movant claims counsel was ineffective due to counsel's advice

that the government would not confiscate any additional business property.  Movant claims that had he known additional business equipment was subject to forfeiture, he would not have pled guilty and would have proceeded to the completion of the trial.  Movant's claim fails because, as Respondent argues, the Plea Agreement specifically contains the language on which Movant claims to have relied.  The Plea Agreement specifically states that Movant would not contest the forfeiture of any property which *had been seized* by the government during the course of its investigation.  The confiscation of the additional business property does not fall within the perimeters of the Plea Agreement.  As such, Movant can contest the confiscation thereof.  Counsel's advise was not improper, inadequate or ineffective.  Ground Five is denied.

**Ground Seven:**   Ineffective Assistance of Counsel due to Fatal Jurisdictional Defect.  As discussed, *supra*, there was no fatal jurisdictional defect.  As such, counsel's failure to point out the mistake of stating "Association" instead of "Administration Board" does not rise to the level of ineffective assistance of counsel under the *Strickland* test.  Ground Seven is denied.

**Ground Eight:** Movant argues that Respondent's one day notice of the anticipated testimony of witness Marla Ferguson was too short, and that counsel was ineffective for failing to obtain a continuance in order to conduct a deposition.

As Respondent correctly points out, counsel was not ineffective for failing to depose Ms. Ferguson, as depositions are not permitted in federal criminal practice. Significantly, Movant's claim that he did not know Ms. Ferguson's alleged motives in testifying does not withstand scrutiny. Movant was in contact with Ms. Ferguson during his incarceration pending trial. He even attempted to tamper with her testimony. Counsel for Movant indeed thoroughly cross-examined Ms. Ferguson during trial. Movant's basis for claiming counsel was ineffective in this respect is without merit. Ground Eight is denied.

## Conclusion

Based upon the foregoing analysis, the grounds presented by Movant fail to establish that Movant is entitled to relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that

Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 7th day of October, 2009.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE