UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OTIS MCALLISTER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1414 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Movant's "59(e) Motion to Alter or Amend Judgment," [Doc. No. 16]. Respondent has filed an opposition to this motion. For the Reasons set forth below, the Motion is denied.

On October 20, 2009, the Court denied Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S. C. § 2255. Movant now seeks reconsideration of the Court's Order.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon*

*Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2617, n. 5 (2008). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T .-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

In his Motion, Movant attempts to persuade the Court to reconsider its findings which led to the conclusion that there is no basis for vacating Movant's sentence. Movant has presented nothing new, nor has he pointed the Court to any mistake so severe as to establish manifest error. The Court articulated its reasoning in finding that Movant was not entitled to relief.

Plaintiff alternatively seeks a certification of appealability pursuant to 28 U.S.C. § 2253. Certificates of appealability may issue only if the applicant has

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed in the Court's October 20, 2009 Opinion, Memorandum and Order, the Court finds that its denial of a certificate of appealability was proper.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's 59(e) Motion to Alter or Amend Judgment, [Doc. 16], is denied.

Dated this 21st day of April, 2010.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE